RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11 18 05
BY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

CRIMINAL NO. 03-50090-01
JUDGE TOM STAGG

STEVIE WAYNE YOUNG

## MEMORANDUM RULING

Before the court is Stevie Wayne Young's ("Young") motion to vacate, set

aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 38.

Based on the following, Young's motion is **DENIED.**

## I. BACKGROUND

On March 3, 2004, Young pled guilty to count one of a five count indictment.

Count one charged the defendant with conspiracy to distribute 500 grams or more

of a mixture or substance containing a detectable amount of cocaine hydrocloride,

also known as powder cocaine, a Schedule II controlled substance, in violation of

21 U.S.C. §§ 841(a)(1) and 846. See Record Document 8. On June 24, 2004,

Young was sentenced to a 222 month term of imprisonment. See Record Document

34. The judgment of conviction was filed on July 15, 2004. See Record Document

35. Young filed the instant section 2255 motion on September 30, 2005.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applying this provision, Young's section 2255 motion would have been barred in July of 2005--one year from the finality of his conviction.[1]  Young's motion, however, was not filed until September 30, 2005, after the expiration of the one year period.  Therefore, his motion is untimely.  Accordingly, Young's motion to vacate, set aside, or correct sentence under section 2255 is **DENIED** as untimely.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of November, 2005.

_____
JUDGE TOM STAGG

---

[1]  Because the defendant did not file an appeal, his conviction became final ten days after the date the judgment was entered into the record.  See United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S. Ct. 2579, 2582, n 8. (1982).